**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Martinez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David C Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-21-01948-PHX-ROS<br><br>**ORDER** |

Petitioner Manuel Martinez was convicted of charges stemming from numerous residential burglaries. The Arizona Court of Appeals affirmed most of the convictions but concluded the trial court should have severed one charge. The conviction on that charge was vacated. Petitioner later sought, but did not obtain, post-conviction relief in the state courts on the remaining charges. In 2021, Petitioner filed his federal petition for writ of habeas corpus, focusing on claims alleging ineffective assistance of counsel. Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending the Court deny the petition. (Doc. 15). Petitioner filed objections and Respondents responded to those objections. (Doc. 18, 19). The R&R is correct and will be adopted.

**BACKGROUND**

Petitioner was charged with crimes based on his alleged involvement in five home burglaries. As described by the Arizona Court of Appeals, the burglaries occurred during a six-week period "within a four-to-five-mile radius in Casa Grande." The burglaries

were "somewhat similar" in that they all involved kicking-in an exterior door during the day on a weekday. Shoe prints were found at all five homes, but three homes had prints from "Nike or Skechers brand shoes" while the other two homes had prints from "Converse brand shoes." At one home, Police found a baseball cap with Petitioner's DNA. Petitioner was seen driving near two of the homes around the time of the burglaries. And at the time of his arrest, Petitioner was wearing Converse brand shoes.

"Charges arising from each of the burglaries were joined in the same indictment." *State v. Martinez*, 2018 WL 2771059, at *2 (Ariz. Ct. App. June 8, 2018). Before trial, Petitioner asked the trial court to sever the charges, but that request was denied. Petitioner proceeded to trial with all the burglaries being tried together. Petitioner was convicted and sentenced to 38 years in prison. In his direct appeal, the Arizona Court of Appeals concluded the trial court should have granted the motion to sever. However, the court noted Petitioner had not renewed the motion to sever during trial. That meant the failure to sever was subject to review only for "fundamental error." For most of the charges, the court of appeals concluded the failure to sever did not merit relief under that demanding standard. However, there was "scant evidence" linking Petitioner to one of the burglaries such that the failure to sever that charge was prejudicial. The conviction on that charge was vacated. The state chose not to pursue a retrial.

Petitioner filed a petition for post-conviction relief in state court focusing on his belief that trial counsel had provided ineffective assistance of counsel. The trial court rejected all of Petitioner's arguments, as did the Arizona Court of Appeals. Petitioner then filed his federal petition for writ of habeas corpus. In responding to the petition, Respondents conceded the petition was timely. Respondents also conceded some of Petitioner's claims had been presented to the state courts such that they should be addressed on the merits. But Respondents argued other claims were not presented to the state courts and should be deemed procedurally barred.

The R&R identifies the seven claims Petitioner is pursuing in these proceedings. (Doc. 15 at 7). The R&R then provides a lengthy analysis of each claim. Petitioner filed

objections but the objections often take the form of general arguments instead of specific arguments identifying how the R&R is incorrect. For example, Petitioner's objections begin by arguing his failure to present his claims to the state courts should be excused because the prison libraries are inadequate. (Doc. 18 at 2-3). But Petitioner also argues "ALL grounds were presented to the LOWER COURTS," *i.e.*, the state courts. (Doc. 18 at 4) (capitalization in original). Thus, it is unclear if Petitioner believes the prison libraries should excuse any failure to make his arguments to the state courts or if Petitioner is arguing, notwithstanding the prison libraries, he presented all of his arguments to the state courts.

After various general objections to the R&R, Petitioner sets out objections to the R&R's resolution of each of his claims. However, even those objections often remain too general or vague such that it is not clear what aspect of the R&R's reasoning Petitioner believes is incorrect. To the extent the Court can identify Petitioner's specific objections, those objections will be addressed in the context of each claim.

## ANALYSIS

### I.     Standard for Obtaining Relief

It is very difficult for state prisoners to obtain relief from their state convictions in federal court. The statute setting forth the conditions for granting federal habeas corpus relief "reflects the view that habeas corpus is a guard against *extreme* malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (emphasis added). To prevail, Petitioner must have raised his claims in state court or, if he failed to do so, he must meet a high bar for the Court to be allowed to reach his claims. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). For those claims addressed by the state courts, Petitioner can obtain relief only if the state court rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Harrington*, 562 U.S. at 103. In other words, the state courts must have "blunder[ed] so badly that every fairminded jurist would disagree" with the state courts' rulings. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). Any claims not addressed by the state court are subject to a less-demanding standard, assuming they can be reached at all. *See Atwood v. Ryan*, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017) (noting when a prisoner overcomes procedural default the claim must be reviewed de novo).

## II. Ineffective Assistance of Counsel Regarding Plea

Petitioner's first claim is his trial counsel failed to adequately advise him whether to accept a plea or proceed to trial. The state courts resolved this claim on the merits and the R&R concludes the state courts' decisions were reasonable. In his objections to the R&R, Petitioner argues his counsel "failed to disclose whether [a] factual basis exist[ed] for each element of the crime." (Doc. 18 at 7). It is not clear what Petitioner is arguing or how this alleged failure impacted his decision to reject the plea offers. However, there is overwhelming evidence Petitioner was aware of the plea offers and knowingly rejected them. Therefore, any failure by his counsel regarding the "factual basis" for Petitioner's crimes could not have been prejudicial.

At sentencing, Petitioner admitted he was aware of a pretrial plea offer and he conceded he "should have signed it." Petitioner described himself as "dumb for not signing it." (Doc. 11-2 at 173). Petitioner went on to explain that before trial began he knew the prison sentence he was facing if he proceeded to trial, the plea offer remained in place up until trial began, and he had discussed the plea offer with his wife. (Doc. 11-2 at 173-75). Given these undisputed facts, the state courts reasonably concluded Petitioner could not establish he received ineffective assistance of counsel in relation to his rejection of the plea offer.

## III. The Cap and Shoes

Petitioner's next claim is his trial counsel was ineffective because counsel failed to seek independent DNA testing of the baseball cap[1] and by failing to file a motion to

---
[1] Petitioner also described this claim as based on counsel's failure to file a "motion to suppress" the DNA evidence. (Doc. 4 at 12). It does not appear Petitioner pursued this

dismiss based on the police destroying the shoes Petitioner was wearing when he was arrested. The R&R concludes the state courts were reasonable in rejecting both alleged instances of ineffective assistance of counsel. In brief, the R&R reasons the additional DNA testing may have been inculpatory. Thus, it was reasonable to not seek such testing. And because there was no evidence the shoes had been destroyed in bad faith, there was no possible basis for a motion to dismiss based on the inadvertent destruction of the shoes. In his objections, Petitioner does not point out how either of these conclusions was incorrect.

According to Petitioner, additional DNA testing of the cap "may have determined" the hat did not contain his DNA. (Doc. 18 at 8). But given that additional testing may have been inculpatory, counsel reasonably could have concluded such testing was unwise. Moreover, relief cannot be granted merely on what "may" have been established by additional testing. As for the shoes, Petitioner argues they were crucial evidence because the shoe prints found at one of the crime scenes were used to link him to that scene. (Doc. 18 at 8). That may be true. However, there is no evidence the shoes were destroyed in bad faith. Rather, the only evidence is the shoes were destroyed inadvertently. As explained by the Supreme Court, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Therefore, the state courts' rejection of Petitioner's ineffective assistance of counsel claims based on these events was not unreasonable.

**IV.   Renewed Motion to Sever**

Petitioner's next claim is trial counsel's failure to renew the motion to sever during trial constituted ineffective assistance of counsel. The state court rejected this claim because, in Petitioner's direct appeal, the Arizona Court of Appeals concluded he had not suffered any prejudice from a joint trial involving most of the burglaries. The

---

argument in state court but, even if he had, it would fail. Petitioner does not identify any basis for a meritorious motion to suppress the DNA evidence.

- 5 -

R&R concludes the state court's reasoning was not unreasonable. Petitioner's objections on this point do not identify any error in the R&R's conclusion.

Petitioner's objections do not identify a specific flaw in the R&R's reasoning. Instead, Petitioner merely argues the R&R is "arbitrary." Such a general objection is ineffective. But even if Petitioner had made a more specific objection such that the issue was be reviewed de novo, the R&R's conclusion is correct.

V.     **Motion for Discovery and Integrity Files**

Petitioner asserts a claim his trial counsel was ineffective for not seeking discovery to obtain a police technician's "integrity files." It is not clear what "integrity files" Petitioner is referencing. Based on Petitioner's filings, it appears to be based on Petitioner's belief there were records that would have established a police technician had engaged in "evidence tampering" of some sort. Petitioner's trial counsel allegedly failed to seek the files that would have shown such evidence tampering. The R&R concluded this claim was not presented to the state courts and, even if it had been, it would fail on the merits.

The R&R is correct that this claim was not presented to the state courts. In state court Petitioner argued his counsel should have filed a motion to dismiss based on the police technician's actions. (Doc. 11-2 at 51). Petitioner did not present a claim that counsel provided ineffective assistance by not obtaining the "integrity files" linked to the police technician. There is no basis to excuse Petitioner's failure to raise this claim in state court and that procedural flaw prevents relief.

Assuming the claim could be reached on the merits, the R&R is correct that it would fail. Petitioner's objections argue the "integrity files" "may" have undermined the state's case. (Doc. 18 at 10). But Petitioner cannot obtain relief based on speculation. In this case, it was not ineffective assistance of counsel for counsel to not pursue evidence that may or may not have existed and that may or may not have helped Petitioner's position.

### VI. Exculpatory Witness

Petitioner asserts a claim that trial counsel was ineffective because counsel failed to call a particular witness who Petitioner believes would have provided exculpatory evidence. As described by the state trial court, Petitioner believed his counsel should have called a witness who was close to one of the burglarized homes at the relevant time and the witness observed an individual who was not Petitioner. As correctly explained by the R&R, the state courts reasonably concluded the failure to call this specific witness did not qualify as ineffective assistance of counsel because the decision to call a witness such as this was a "tactical, strategic decision." (Doc. 15 at 30).

Petitioner objects to the R&R by arguing that denying relief on this claim will mean criminal "defendants are NOT provided the RIGHT of compulsory process." (Doc. 18 at 10). That is not accurate. Counsel routinely select which witnesses will or will not be called. If counsel had determined this witness was appropriate, counsel could have relied on "compulsory process" to have the witness testify. But in this case, the state trial court was correct that the decision not to call the witness was reasonable because the testimony of the uncalled witness would not have "provided appreciable help to the defense." (Doc. 11-2 at 52). Petitioner is not entitled to relief on this claim.

### VII. Petitioner's Competency and Mitigation Specialist

Petitioner's next claim is his counsel was ineffective for failing to inquire into Petitioner's competence and by failing to obtain the services of a "mitigation specialist." Petitioner believes he has an intellectual disability that, together with a presentation from a "mitigation specialist," could have resulted in a lower sentence. The state courts rejected this claim and the R&R correctly concluded that rejection was not unreasonable.

In his objections Petitioner argues he has a "SEVERE intellectual disability" that should have been presented in a more meaningful manner at sentencing. But the record establishes Petitioner discussed his intellectual disability at sentencing. Also, trial counsel presented extensive mitigating evidence at sentencing. The state court's conclusion that Petitioner's counsel provided effective assistance regarding sentencing

was not unreasonable.

**VIII. Judicial Bias**

Finally, Petitioner asserts a claim based on his belief the trial judge was biased. Petitioner did not present this claim in state court. Based on that, the R&R correctly concludes Petitioner cannot obtain relief in federal court. Petitioner's objections do not address his failure to present the claim in state court. Instead, Petitioner reargues his position on the merits of this claim. Absent a specific objection, the R&R's analysis will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 15) is **ADOPTED**. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of portions of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 13th day of September, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge